# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| N.V. ROGER VANDEN BERGHE, a company formed under the laws of Belgium,<br><br>            Plaintiff,<br><br>v.<br><br>MAHDAVI'S AND A&A RUG COMPANY, INC., a Georgia corporation, and EBRAHIM MAHDAVI, an individual,<br><br>            Defendants. | 1:08-cv-1782-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff N.V. Roger Vanden Berghe's ("Plaintiff") Second Revised Motion for Entry of Default Judgment against Defendant Mahdavi's and A&A Rug Company, Inc. ("Mahdavi's") [54].

## I. BACKGROUND

This case is about Defendant Mahdavi's failure to pay Plaintiff for rugs sold to Defendant Mahdavi's by Plaintiff. Plaintiff claims Defendant Mahdavi's currently has fifty-one unpaid and outstanding invoices, which total $4,363,869.52, including late fees and interest. Plaintiff's Brief in Support of its Second Revised Motion for Default Judgment ("Pl.'s MDJ"), 6. Plaintiff also claims that it is

entitled to $1,137,572.88 in attorneys' fees and $2,027.87 in litigation expenses. Id. at 8.

On May 16, 2008, Plaintiff filed its Complaint, asserting claims of breach of contract and bad faith against Defendants Mahdavi's and Ebrahim Mahdavi ("Ebrahim") (Counts I and V), aiding and abetting a breach of contract against Defendant Ebrahim (Count II), and quantum meruit/unjust enrichment (Count III) and conversion (Count IV) against Defendant Mahdavi's [1]. On November 26, 2008, Defendant Ebrahim filed his Motion for Summary Judgment [24]. On December 1, 2008, Plaintiff filed its Motion for Partial Summary Judgment, seeking summary judgment on Counts I and IV as to Defendant Mahdavi's [27]. On June 9, 2009, the Court granted Defendant Ebrahim's Motion for Summary Judgment and granted in part and denied in part Plaintiff's Motion for Partial Summary Judgment [38]. Plaintiff's Motion was granted with respect to its breach of contract claim against Defendant Mahdavi's and was denied with respect to its claim for conversion. The Court also dismissed Plaintiff's claim for quantum meruit/unjust enrichment.

On July 28, 2009, Defendant Mahdavi's counsel filed a Motion to Withdraw, alleging that Defendant Mahdavi's had failed to pay for legal services and had not responded to requests for authority to perform additional legal

functions [43]. On August 31, 2009, the Court granted Defendant Mahdavi's counsel's Motion to Withdraw [43].

On September 1, 2009, the Court set a bench trial for September 30, 2009 [45]. On September 8, 2009, Plaintiff filed a Motion for Order Directing Defendant Mahdavi's to Obtain Counsel or in the Alternative for Default Judgment [46]. On September 9, 2009, the Court granted Plaintiff's Motion and ordered Defendant Mahdavi's to obtain counsel and notify the Court as to the appointment of counsel by September 23, 2009 or face default [47]. Defendant Mahdavi's did not comply with the Court's Order or seek additional time to do so.

On September 29, 2009, the Court directed the Clerk to enter default against Defendant Mahdavi's and canceled the bench trial set for September 30, 2009 [50]. The Court further ordered that Plaintiff file, on or before October 12, 2009, its pleading and supporting memorandum and affidavits addressing the amount of judgment it requested to be entered against Defendant Mahdavi's. Defendant Mahdavi's was ordered to respond on or before October 26, 2009. On September 29, 2009, default was entered against Defendant Mahdavi's.

On October 12, 2009, Plaintiff filed its Motion for Entry of Default Judgment [52]. On October 23, 2009, Plaintiff filed its Revised Motion for Entry of Default Judgment [53]. On October 28, 2009, Plaintiff filed its Second Revised

Motion for Default Judgment [54]. In Plaintiff's Second Revised Motion for Default Judgment, Plaintiff requests that this Court enter judgment against Defendant Mahdavi's for the sums of:

1. $3,293,515.34 principal;

2. €93,125.00 or $137,806.38 late fees;[1]

3. $932,547.80 interest;

4. $1,137,572.88 attorneys' fees; and

5. $2,027.87 litigation expenses.

Pl.'s MDJ, 6, 8. The total amount that Plaintiff seeks is $5,503,470.27. Id. at 8.

Defendant Mahdavi's did not respond to Plaintiff's Motion for Default Judgment by October 26, 2009, as ordered by the Court, and has not otherwise responded to any of Plaintiff's Motions for Default Judgment. As of the date of this Order, Defendant Mahdavi's has not filed anything in this matter since its attorney filed his Motion to Withdraw on July 28, 2009.[2]

---

[1] €93,5125.00 converts to approximately $137,806.38, based on the exchange rate of 1€= $1.47980.

[2] Beginning with the Court's August 31, 2009 Order, correspondence sent to Defendant Mahdavi's has been returned as undeliverable. As a courtesy to Defendant Mahdavi's, the Clerk of Court sent Defendant Mahdavi's shareholders copies of the Court's Orders dated August 31, 2009, September 1, 2009, and September 9, 2009. Plaintiff both mailed and emailed its Motion for Default

4

**II. DISCUSSION**

Rule 55(b) of the Federal Rules of Civil Procedure provides:

> (b) Entering a Default Judgment.
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment . . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b). "The entry of a default judgment is committed to the discretion of the district court . . . ." Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2685 (1983)). "In considering a motion for entry of default judgment, a court must investigate the legal sufficiency

---

Judgment pleadings to Defendant Mahdavi's and individuals associated with the company.

5

of the allegations of the plaintiff's complaint."  Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).

The Court finds that it has subject matter jurisdiction in diversity over Plaintiff's claims.  See 28 U.S.C. § 1332(a).  Plaintiff is a company formed under the laws of Belgium with its principal place of business in Belgium, and Defendant Mahdavi's is a citizen of Georgia.  Plaintiff's claimed amount in controversy exceeds $75,000.  The Court further finds that it has personal jurisdiction over Defendant Mahdavi's.  It is a Georgia corporation with its principal place of business in the Northern District of Georgia.

The Court also finds that Plaintiff has stated facts sufficient to entitle Plaintiff to recovery against Defendant Mahdavi's for breach of contract.  In its Order on Plaintiff's Motion for Partial Summary Judgment, the Court found that Plaintiff was entitled to summary judgment on its breach of contract claim, because Defendant Mahdavi's "breached its contracts with Plaintiff by receiving shipments of rugs (as confirmed by the 51 invoices that accompanied each shipment), failing to provide written objection to the contents of the shipments within ten days of their receipt, and failing to make payment on any of the outstanding invoices, thereby causing Plaintiff damage."  Doc. 38, 18.

The Court may only award damages for default judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985). Under such circumstances, the record must "adequately reflect[] the basis for award via . . . demonstration by detailed affidavits establishing the necessary facts." Id. at 1544. "[A] plaintiff must also establish that the amount is reasonable under the circumstances." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

Plaintiff submitted a Second Supplemental Declaration of its Financial Responsible (or Chief Financial Officer), Philip Seghers, in support of its damages for Defendant Mahdavi's breach of contract. Pl.'s MDJ, Ex. 1. Seghers sets forth the amounts owed under each of the fifty-one unpaid invoices, which total $3,293,515.34. Id. Seghers indicates that each invoice is subject to a late payment fee of 12% of the unpaid balance, which can be no less than €125 and no more than €1860. Id. Seghers also notes that the unpaid balance of each invoice incurs an interest rate of 5% above the legal rate of interest per annum, which is 7% per annum in Georgia. Id. Each unpaid invoice is therefore subject to an interest rate of 12% per year. Id.

Attached to Seghers's Declaration are copies of the fifty-one invoices and a spreadsheet indicating the invoice amount, and the corresponding late fee and interest. Id. The spreadsheet indicates the following totals:

1. $3,293,515.34 principal;

2. €93,125.00 or $137,806.38 late fees; and

3. $932,547.80 interest.

Id. The Court finds that competent evidence establishes Defendant Mahdavi's owes Plaintiff $4,363,869.52 in principal, late fees, and interest.

Plaintiff also requests an award of attorneys' fees in the amount of $1,137,572.88 and litigation expenses in the amount of $2,027.87. Id. at Ex. 2. Plaintiff contends that it is entitled to these fees and expenses under O.C.G.A. § 13-6-11, which provides that recovery of expenses of litigation is only "allowed as part of the damages . . . where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Plaintiff specifically claims that it was caused "unnecessary trouble and expense," because "no bona fide controversy existed as to Mahdavi's liability." Pl.'s MDJ, 8.

"A recovery for . . . causing unnecessary trouble and expense is authorized if no bona fide controversy or dispute existed as to the defendant's liability." King Indus. Realty v. Rich., 224 Ga. App. 629, 635 (1997). Plaintiff does not provide

any case law to support its contention that, under the facts of this case, no bona fide controversy or dispute existed as to Defendant Mahdavi's liability. Although Defendant Mahdavi's defense to Plaintiff's breach of contract claim was not sufficient to withstand summary judgment, the Court does not find that no bona fide controversy or dispute existed as to Defendant Mahdavi's liability such that Plaintiff should recover under O.C.G.A. § 13-6-11. Plaintiff was not subjected to any unnecessary trouble and expense above the normal trouble and expense associated with litigation.

In addition, the Court notes that Plaintiff's attorneys' fees are based on Plaintiff's counsel's engagement letter to Plaintiff, which is a private agreement between Plaintiff's counsel and Plaintiff. See Pl.'s MDJ, Ex. 2. The total attorneys' fees include a contingency fee of $1,090,967.38 and an hourly fee of $46,605.50. Id. Plaintiff provides no legal basis for its assertion that Plaintiff's counsel's contingency fee should be added to Plaintiff's awarded damages, as opposed to taken out of Plaintiff's awarded damages.

Plaintiff's request for attorneys' fees and litigation expenses is denied.[3]

---

[3] If Plaintiff can provide legal support for (1) its argument that that there was no bona fide controversy or dispute regarding Defendant Mahdavi's liability, and (2) the legitimacy of its contingency fee request, Plaintiff may renew its Motion for Default Judgment for attorneys' fees and litigation expenses, and the Court will consider whether to amend the judgment.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff N.V. Roger Vanden Berghe's Second Revised Motion for Entry of Default Judgment against Defendant Mahdavi's and A&A Rug Company, Inc. [54] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion for Default Judgment against Defendant Mahdavi's for principal, late fees, and interest is **GRANTED** and the Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff against Defendant Mahdavi's for:

1. $3,293,515.34 principal;
2. $137,806.38 late fees; and
3. $932,547.80 interest.

Plaintiff's Motion for Default Judgment against Defendant Mahdavi's for attorneys' fees and litigation expenses is **DENIED**.

**SO ORDERED** this 30th day of October, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE